IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

PATRICK AARON BRADDOCK,
#437766                                                                                    PLAINTIFF

v.                                                            CIVIL NO. 1:21-cv-65-HSO-RHWR

UNKNOWN PIPPINS
and JOHN DOES                                                                            DEFENDANTS

### ORDER OF DISMISSAL WITHOUT PREJUDICE

This matter is before the Court sua sponte. After consideration of the record and relevant legal authority, the Court finds that this civil action should be dismissed without prejudice.

I.  BACKGROUND

Pro se Plaintiff Patrick Aaron Braddock ("Braddock" or "Plaintiff") initiated this civil action pursuant to 42 U.S.C. § 1983 on March 10, 2021, while he was incarcerated in the Harrison County Adult Detention Center in Gulfport, Mississippi. *See* Compl. [1] at 1. On June 17, 2021, the Magistrate Judge entered an Order [9] directing Braddock to provide additional information about his claims against Defendants Pippins and John Does, MDOC Probation and Parole Agents. Order [9] at 2. The Order [9] directed Braddock to file, on or before July 9, 2021, a response providing further information about his claims, and it warned Braddock that his failure to timely comply with the requirements of the Order or failure to advise the Court of a change of address may lead to the

dismissal of this case. *Id*. at 3. The Order [9] was mailed to Braddock at his last known address. The envelope containing that Order [9] was returned by the postal service stating, "Return to Sender, Unclaimed, Unable to Forward." Ret'd Mail [10] at 1. Braddock did not file the required response or provide the Court with a change of address.

On July 22, 2021, the Magistrate Judge entered an Order [11] to Show Cause which directed that, on or before August 20, 2021, Braddock: (1) file a written response showing cause why this case should not be dismissed for his failure to comply with the Court's previous Order [9]; and (2) comply with the Court's previous Order [9] by providing the Court with additional information about his claims against Defendants Pippins and John Does, MDOC Probation and Parole Agents. Order [11] to Show Cause at 1. Braddock was warned that "failure to advise the Court of a change of address or failure to timely comply with any order of the Court . . . may result in the dismissal of this civil action." *Id*. at 2. Braddock did not respond to the Order [11] to Show Cause, provide a change of address, or otherwise contact the Court about this case.

Since Braddock is proceeding pro se and out of an abundance of caution, he was provided a final opportunity to comply with the Court's Orders [9] [11]. On September 7, 2021, the Magistrate Judge entered a Second and Final Order [12] to Show Cause which required that, on or before September 29, 2021,

Braddock: (1) file a written response, showing cause why this case should not be dismissed for his failure to comply with the Court's previous Orders [9] [11]; and (2) comply with the Court's previous Orders [9] [11] by providing the Court with additional information about Plaintiff's claims against Defendants Pippins and John Does, MDOC Probation and Parole Agents.  Second and Final Order [12] to Show Cause at 2.  Braddock was again warned "[t]hat failure to timely comply with the Order of the Court or failure to advise the Court of a change of address . . . *will result* in this cause being dismissed without prejudice and *without* further notice to Plaintiff."  *Id.* (emphasis in original).  That Order [12] further cautioned that "[t]his is Plaintiff's final opportunity to comply with the Orders [9] [11]."  *Id.*  The Order [12] was mailed to Braddock at his last known address, but the envelope containing the Order [12] was returned by the postal service stating, "Return to Sender, Unable to Forward."  Ret'd Mail [14] at 1.  Braddock did not respond to the Second and Final Order [12] to Show Cause or otherwise contact the Court about his case, and he has taken no action in the case since March 23, 2021.

## II.  DISCUSSION

The Court has the authority to dismiss an action for a plaintiff's failure to prosecute under Federal Rule of Civil Procedure 41(b), and under its inherent authority to dismiss the action sua sponte.  *See Link v. Wabash R.R Co.*, 370

3

U.S. 626, 630 (1962); *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988). The Court must be able to clear its calendar of cases that remain "dormant because of the inaction or dilatoriness of the parties seeking relief[,] . . . so as to achieve the orderly and expeditious disposition of cases." *Link,* 370 U.S. at 630-31. Such a "sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the District Courts." *Id.* at 629-30.

Braddock did not comply with three Court Orders [9], [11], [12] or supply the Court with a current address after being warned six times, *see* Second and Final Order [12] to Show Cause at 2; Order [11] to Show Cause at 2; Order [9] at 2; Order [7] at 2; Order [3] at 2; Notice of Assignment [1-1] at 1, that failing to do so would result in the dismissal of his lawsuit.[1] Despite these warnings, Braddock has not contacted the Court since March 23, 2021, when he filed his Motion [5] to Produce Kiosk Grievances and Requests to Support Claim. Such inaction represents a clear record of delay or contumacious conduct, and it is apparent that Braddock no longer wishes to pursue this lawsuit. Dismissal without prejudice is warranted.

---

[1] Even though the Orders [7], [9], [12] contained a warning that Plaintiff's failure to advise the Court of a change of address or failure to comply with any order of the Court could result in the dismissal of this civil action, *see* Order [12] at 2; Order [9] at 2; Order [7] at 2, those Orders [12], [9], [7] were returned by the postal service as undeliverable, *see* Ret'd Mail [14] at 1; Ret'd Mail [10] at 1; and were not received by Plaintiff. The other Orders [3] [11] and the Notice of Assignment [1-1] were not returned by the postal service.

4

III.  CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, this civil action is **DISMISSED WITHOUT PREJUDICE** for failure to obey the Court's Orders and to prosecute.  A separate final judgment will enter pursuant to Federal Rule of Civil Procedure 58.

**SO ORDERED**, this the 20th day of October, 2021.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE